UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

TRAMELL McGEE,

           Defendant.

**DECISION AND ORDER**
11-CR-194S

Presently before this Court is Defendant Tramell McGee's motion for release to home confinement, which the government opposes. (Docket Nos. 231, 234.) McGee seeks an order compelling the United States Bureau of Prisons to release him to home confinement on February 4, 2020, when, by his estimation, he will have 10% of his 48-month aggregate sentence left to serve.

McGee contends that his release in the manner requested is required under Section 602 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) ("the First Step Act" or "the Act"). Section 602 amended 18 U.S.C. § 3624 (c)(2) to add the italicized provision below:

> **Home confinement authority.**—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. *The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.*

18 U.S.C. § 3624 (c)(2).

McGee's motion must be denied for several reasons. First, in challenging the Bureau of Prisons' execution of his sentence, McGee's request for relief is properly

1

construed under 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241[ ] is the proper means to challenge the *execution* of a sentence . . . In a § 2241 petition, a petitioner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.") (emphasis in original). But a § 2241 petition must be filed in the judicial district with jurisdiction over the inmate's current custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); see also 28 U.S.C. §§ 2242, 2243. Because McGee is incarcerated at the McKean Federal Correctional Institution in Pennsylvania, this Court lacks jurisdiction over his motion.

Second, even if this Court had proper jurisdiction, McGee is not correct that § 602 of the Act requires his release or authorizes a district court to order the Bureau of Prisons to release a given defendant to home confinement. Rather, "it is [the Bureau of Prisons]—not the courts—who decides whether home detention is appropriate." United States v. Yates, Case Nos. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019); see also United States v. Burkhart, No. 6:03-036-DCR, 2019 WL 615354, at *2 (E.D.Ky. Feb. 13, 2019) (finding that the First Step Act "did not modify the requirement that the Bureau of Prisons, not the Court, make the decision to place a prisoner on home confinement or in a residential re-entry center"). And "[r]ather than mandate any particular home confinement decision, Congress instead directed BOP to place prisoners on home confinement "to the extent practicable." Yates, 2019 WL 1779773, at *4. In other words, § 602 does not disturb the statutory discretion afforded the Bureau of

Prisons.  See 18 U.S.C. § 3624 (c)(2) ("The authority under this subsection *may be used* . . .").

Third, McGee's motion is moot.  According to Bureau of Prisons records supplied by the government, McGee has a home confinement assignment date of February 5, 2020.  (Docket No. 234-1, p. 2.)  Although off by one day, this is the entirety of the relief McGee seeks.  His motion is therefore moot.

For all of these reasons, McGee's motion is denied.


IT HEREBY IS ORDERED, that the motion for release to home confinement (Docket No. 231) is DENIED.


Date: January 31, 2020
      Buffalo, NY

                                      s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge